Timothy H. **JOHNSON**, Plaintiff–Appellant,

v.

Jim **GIBBONS**; et al., Defendants–Appellees.

No. 10–17530.

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2012.*

Filed July 11, 2012.

Timothy H. Johnson, Ely, NV, pro se.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Timothy H. Johnson, a Nevada state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the deduction of room and board costs from his prison wages violated his due process rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). We affirm.

The district court properly dismissed Johnson's action because the deductions were effected by a valid act of the Nevada legislature, and the legislative process satisfies the requirements of procedural due process. *See* Nev.Rev.Stat. § 209.461(1)(b) (deductions from prison wages, pursuant to Nev.Rev.Stat. § 209.463, is a condition of employment); Nev.Rev.Stat. § 209.463(1)(e) (authorizing deductions to "offset the cost of maintaining the offender in the institution"); *Halverson v. Skagit County*, 42 F.3d 1257, 1261 (9th Cir.1994) ("[G]overnmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional procedural due process requirements of individual notice and hearing; general notice as provided by law is sufficient.").

Johnson's remaining contentions, including those regarding legislative intent, are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).